O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-PA2,<br><br>        Plaintiff,<br>   v.<br>KIRK KUBIK; MARIBEL DUARTE; and DOES 1–6,<br><br>        Defendants. | Case No. 2:13-cv-03257-ODW(CWx)<br><br>**ORDER TO SHOW CAUSE RE: RULE 11 SANCTIONS** |

On May 7, 2013, Defendants Kirk Kubik and Maribel Duarte removed this run-of-the-mill unlawful-detainer action to this Court from the Los Angeles Superior Court. Because this matter has already been remanded twice, the Court **ORDERS** Defendants **TO SHOW CAUSE** why they should not be sanctioned $1,000 for violating Federal Rule of Civil Procedure 11.

Removal was improper here because Plaintiff HSBC Bank's unlawful-detainer Complaint does not competently allege facts creating subject-matter jurisdiction. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapatah Servs., Inc.*, 545 U.S. 546, 563 (2005). First, this unlawful-detainer action does not give rise to a federal question. *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept.

24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Second, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b); *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977) (noting that only possession—not title—is at issue in an unlawful-detainer action). And even if the amount in controversy were met, Defendants reside in the forum state, so they cannot properly remove this action. 28 U.S.C. § 1441(b).

But Defendants know all this, as this is their *third* attempt to remove this case to federal court. After their first attempt, Judge Kronstadt remanded the case in response to HSBC's motion to remand. *HSBC Bank USA, N.A. v. Kubik* ("*Kubik I*"), No. 2:12-cv-9909, ECF No. 12 (C.D. Cal. Feb. 20, 2013). In doing so, Judge Kronstadt noted that "Plaintiff's operative complaint in the Unlawful Detainer Action[] does not include a cause of action that arises under federal law," and "Defendants have failed to prove both the citizenship of the parties and a sufficient amount in controversy." *Id.* at 2.

On April 16, 2013, Judge Wilson remanded this action a second time. *HSBC Bank USA, N.A. v. Kubik* ("*Kubik II*"), No. 2:13-cv-1692, ECF No. 8 (C.D. Cal. Apr. 16, 2013). There, Judge Wilson commented that "Plaintiff's Complaint states a single claim for unlawful detainer, which does not arise under federal law but is purely a creature of California law." *Id.* at 2 (internal quotation marks omitted). In addition, "Plaintiff's requested damages do not meet the $75,000 requirement," and thus "the Court does not have a basis for exercising diversity jurisdiction over this action." *Id.*

While Defendants' Notice of Removal here isn't identical to their prior notices of removal, it attempts to do the same thing that failed twice before: assert a federal defense to a complaint anchored *solely* in state law. *See, e.g.*, Compl. at 1 ("Plaintiff committed fraud by bringing a Security Bond issue to the Superior Court of Los Angeles and Long Beach Courthouse under the scheme of a non-judicial foreclosure,

which falls under The 1934 Securities Exchange Act.") But "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Kubik I*, No. 2:12-cv-9909, ECF No. 12, at 3 ("[T]he federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." (internal quotation marks omitted) (citing *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985))).

Defendants' repeated attempts at removal indicate either an intransigent failure to consider the content of the prior remand orders (at best) or an unabashed ploy to utilize the federal courts to forestall their eviction (at worst). Defendants' Notice of Removal here therefore appears to violate Federal Rule of Civil Procedure 11(b)(1) for being presented to cause unnecessary delay or Rule 11(b)(2) for raising claims Defendants have repeatedly been informed are not warranted by existing law—or both. Defendants are therefore **ORDERED TO SHOW CAUSE** no later than **May 31, 2013**, why they should not be sanctioned $1,000 for violating Rule 11.

Finally, this case is hereby **STAYED** in its entirety pending Defendants' response to the Court's OSC. The Court will remand this matter upon discharging the OSC.

**IT IS SO ORDERED.**

May 10, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**