JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-PA2,<br><br>              Plaintiff,<br><br>        v.<br><br>KIRK KUBIK; MARIBEL DUARTE; and DOES 1–6,<br><br>              Defendants. | Case No. 2:13-cv-03257-ODW(CWx)<br><br>**ORDER DISCHARGING OSC AND REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** |

On May 7, 2013, Defendants Kirk Kubik and Maribel Duarte removed this run-of-the-mill unlawful-detainer action to this Court from the Los Angeles Superior Court. In reviewing the removal papers, the Court discovered that this was the third time Defendants had removed this matter to federal court and ordered Defendants to show cause why they should not be sanctioned under Rule 11. (ECF No. 4.) Upon review of Defendants' response, the Court determines that the pro se Defendants' attempts at removal were not designed to cause unnecessary delay, but were the result of a fundamental misunderstanding of federal removal jurisdiction. The Court therefore **DISCHARGES** its Order to Show Cause and **REMANDS** this matter to the Los Angeles County Superior Court.

But to be clear, this unlawful-detainer action does not now—nor will it ever—belong in federal court. First, this action does not give rise to a federal question. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011). Moreover, HSBC's First Amended Complaint does not allege any other federal question, and *any federal defense Defendants raise is irrelevant to jurisdiction*. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43.

Second, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession. *See Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the Complaint, not by the value of the subject property. *Id.*

/ / /

The object of this unlawful-detainer action is the fair rental value of the premises Defendants now owes HSBC Bank—$50.00 per day—for remaining in a home on 3522 Pine Avenue that no longer belongs to them from August 28, 2012, through entry of judgment. (First Amended Compl. 3.) Indeed, the face of HSBC's First Amended Complaint indicates that it does not demand an amount more than $10,000.00. Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

The Court therefore **REMANDS** this action to the Los Angeles County Superior Court, 415 West Ocean Boulevard, Long Beach, California 90802, case number 12U01575. *See* 28 U.S.C. § 1447(c). In addition, Defendants are warned that any future attempt to remove this matter—no matter how well-meaning—*will* subject them to sanctions under Rule 11(b).

**IT IS SO ORDERED.**

June 3, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc:order, docket, remand letter to
   Los Angeles Superior Court, Long Beach
   No. 12U01575
```